IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT IN AND FOR
LAKE COUNTY, FLORIDA

BAILEY INDUSTRIES, INC.,

      Plaintiff,

vs.                                                           Case No.: *2010-CA-579*

AMERISURE MUTUAL INSURANCE COMPANY,                5:10-cv-72-OC-25GRJ

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, **BAILEY INDUSTRIES, INC.,** by and through their undersigned attorneys, and sues the Defendant, **AMERISURE MUTUAL INSURANCE COMPANY,** and alleges:

1.    This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

2.    That at all times material hereto Defendant, **AMERISURE MUTUAL INSURANCE COMPANY** (hereinafter referred to as **"AMERISURE"**), was duly licensed to transact insurance in the State of Florida, and maintained agents for its transaction of its customary business in Lake County, Florida.

3.    The Defendant issued policies of insurance to the Plaintiff, which were in full force and effect at the time of their losses resulting from Employee Dishonesty.

4.    At all times material to this cause of action, the Plaintiff, **BAILEY INDUSTRIES, INC.,** was an insured under a policy of insurance, issued by the Defendant, **AMERISURE**, policy number: BT 1330777 for policy periods: 01/01/2006 to 01/01/2007, 01/01/2007 to 01/01/2008 and 01/01/2008 to 01/01/2009, which included Employee Dishonesty coverage. (See Exhibits **"A"**, **"B"** & **"C"**).

5.    Under the policy of insurance issued by the Defendant, **AMERISURE**, to the Plaintiff, **BAILEY INDUSTRIES, INC.,** the Defendant, **AMERISURE** is obligated to pay to the Plaintiff, **BAILEY INDUSTRIES, INC.,** all sums which the Plaintiff is entitled to recover losses caused by Employee Dishonesty.

6.    That as a direct and proximate result of the employees' dishonesty, the Plaintiff, **BAILEY INDUSTRIES, INC.,** incurred losses including but not limited to money losses resulting from dishonest claims for workers compensation benefits by three individual employees.

7.    The Plaintiff, **BAILEY INDUSTRIES, INC.,** submitted three claims arising from Employee

Dishonesty to the Defendant, **AMERISURE**, for benefits under the policies as written by the Defendant.

8.        The Plaintiff, **BAILEY INDUSTRIES, INC.**, furnished the Defendant, **AMERISURE**, timely notice of the employee dishonesty and proof of the three claims (claim numbers 1167934, 1167935 & 1169240) and otherwise performed all conditions precedent to entitle the Plaintiff to recover under the provisions of the policy issued by the Defendant, but the Defendant, **AMERISURE**, refused and continues to refuse to compensate the Plaintiff, **BAILEY INDUSTRIES, INC.**, and denied coverage for losses relating to the employee dishonesty in all three claims.

## COUNT I

## BREACH OF CONTRACT - CLAIM NUMBER 1167934

9.        That the Plaintiff, **BAILEY INDUSTRIES, INC.** reiterates, realleges and adopts all the foregoing paragraphs 1 through 8 and further alleges:

·10.      That at all times material to this cause of action, the Plaintiff, **BAILEY INDUSTRIES, INC.**, was insured under a policy of insurance, issued by the Defendant, policy number BT 1330777, which included Employee Dishonesty Coverage.  (Attached as Exhibit **"A"**).

11.      Under this policy, the Defendant is obligated to pay the Plaintiff for loss of, and damage to, covered property which includes "money", securities", and "property other than money and securities" which result from Employee Dishonesty.

12.      Beginning on or about July 2005, an employee (hereinafter referred to as Employee "G"), submitted claims for workers compensation benefits arising from an alleged shoulder injury.  The Plaintiff paid medical expenses, indemnity expenses and claims handling fees associated with Employee "G"'s claims. On or about November 2008, the Plaintiff learned that Employee "G" was convicted and sentenced for workers compensation fraud as a result of the dishonest workers compensation claims.

13.      That as a direct and proximate result of this employee dishonesty, the Plaintiff, **BAILEY INDUSTRIES, INC.**, paid and incurred losses which included loss of money resulting from dishonest acts by an employee with the manifest intent of the employee to obtain financial benefit from submission of dishonest claims for work related injuries and payment of workers compensation benefits for which the Plaintiff was directly responsible and did pay, thereby incurring financial loss.

14.      The Plaintiff has applied for insurance benefits, under the policy, but the Defendant has

Law Offices
WOOTEN, KIMBROUGH, GIBSON,
DOHERTY AND NORMAND
Professional Association

236 South Lucerne Circle                                                   Orlando, Florida 32801

failed, and refuses to pay certain benefits for the Plaintiff's losses and has breached the policy.

15.     The Plaintiff is entitled to compensation for covered damages.  Specifically, the Plaintiff seeks the following damages:

         a.     Loss of Money from payment of dishonest workers compensation claims;

         b.     Loss of Money from payment of administrative fees associated with said dishonest claims;

         c.     Any other benefit available under the terms and conditions of the insurance policy herein.

         d.     Damages, including costs, expert fees and attorney's fees, under Fla. Stat. §627.428, and prejudgment interest.

16.     Due to Defendant's refusal to pay the losses sustained by the Plaintiff, the Plaintiff has had to retain the services of the undersigned attorneys, and is obligated to pay a reasonable fee for its services. The Plaintiff is entitled to attorney's fees, pursuant to Florida Statute §627.428.

17.     Further, the Defendant insurer owes prejudgment interest, attorney fees and costs, expert fees and damages.

**WHEREFORE**, the Plaintiff, **BAILEY INDUSTRIES, INC.**, sues the Defendant, **AMERISURE MUTUAL INSURANCE COMPANY**, for damages in an amount in excess of the jurisdictional limits of this Court, together with attorney fees, costs and interest and demands a trial by jury.

<u>COUNT II</u>

<u>BREACH OF CONTRACT - CLAIM NUMBER: 1167935</u>

18.     The Plaintiff, **BAILEY INDUSTRIES, INC.**, reiterates, realleges and adopts all the foregoing paragraphs 1 through 8 and further alleges:

19.     At all times material to this cause of action, the Plaintiff, **BAILEY INDUSTRIES, INC.** was insured under a policy of insurance, issued by the Defendant, policy number BT 1330777, which included Employee Dishonesty Coverage.  (Attached as Exhibit "B").

20.     Under this policy, the Defendant is obligated to pay the Plaintiff for loss of, and damage to, covered property which includes "money", securities", and "property other than money and securities" which result from Employee Dishonesty.

21.     Beginning on or about July 2007 an employee (hereinafter referred to as Employee "S"),

LAW OFFICES
WOOTEN, KIMBROUGH, GIBSON,
DOHERTY AND NORMAND
236 SOUTH LUCERNE CIRCLE                                        ORLANDO, FLORIDA 32801

submitted claims for workers compensation benefits arising from an alleged back injury.  The Plaintiff paid medical expenses, indemnity expenses and claims handling fees associated with Employee "S" claims.  On or about December 2009, the Plaintiff learned that Employee "S" pleaded guilty for workers compensation fraud as a result of the dishonest workers compensation claims.

22.     As a direct and proximate result of employee dishonesty, the Plaintiff, **BAILEY INDUSTRIES, INC.**, paid and incurred losses which included loss of money resulting from dishonest acts by an employee with the manifest intent of the employee to obtain financial benefit from submission of dishonest claims for work related injuries and payment of workers compensation benefits for which the Plaintiff was directly responsible and did pay, thereby incurring financial loss.

23.     The Plaintiff has applied for insurance benefits, under the policy, but Defendant has failed, and refuses to pay certain benefits for the Plaintiff's losses and has breached the policy.

24.     The Plaintiff is entitled to compensation for covered damages.  Specifically, the Plaintiff seeks the following damages:

        a.     Loss of Money from payment of dishonest workers compensation claims;

        b.     Loss of Money from payment of administrative fees associated with said dishonest claims;

        c.     Any other benefit available under the terms and conditions of the insurance policy herein.

        d.     Damages, including costs, expert fees and attorney's fees, under Fla. Stat. §627.428, and prejudgment interest.

25.     Due to the Defendant's refusal to pay the losses sustained by the Plaintiff, the Plaintiff has had to retain the services of the undersigned law office, and are obligated to pay a reasonable fee for its services.  Plaintiff is entitled to attorney's fees, pursuant to Florida Statute §627.428.

26.     Further, the Defendant insurer owes prejudgment interest, attorney fees and costs, expert fees and damages.

**WHEREFORE**, the Plaintiff, **BAILEY INDUSTRIES, INC.**, sues the Defendant, **AMERISURE MUTUAL INSURANCE COMPANY**, for damages in an amount in excess of the jurisdictional limits of this Court, together with attorney fees, costs and interest and demands a trial by jury.

LAW OFFICES
WOOTEN, KIMBROUGH, GIBSON,
DOHERTY AND NORMAND
236 SOUTH LUCERNE CIRCLE                    ORLANDO, FLORIDA 32801

## COUNT III

### BREACH OF CONTRACT - CLAIM NUMBER 1169240

27.     The Plaintiff, **BAILEY INDUSTRIES, INC.** reiterates, realleges and adopts all the foregoing paragraphs 1 through 8 and further alleges:

28.     That at all times material to this cause of action, the Plaintiff, **BAILEY INDUSTRIES, INC.**, was insured under a policy of insurance, issued by the Defendant, policy number BT 133077, which included Employee Dishonesty Coverage. (Attached as Exhibit **"C"**).

29.     Under this policy, the Defendant is obligated to pay the Plaintiff for loss of, and damage to, covered property which includes "money", securities", and "property other than money and securities" which result from Employee Dishonesty.

30.     Beginning on or about August 2008, an employee (hereinafter referred to as Employee "K"), submitted claims for workers compensation benefits arising from alleged lightning related injuries including leg and foot injuries. The Plaintiff paid medical expenses, indemnity expenses and claims handling fees associated with Employee "K" claims. The Plaintiff later learned that Employee "K", made dishonest, false and misleading statements for the purpose of obtaining the workers compensation benefits.

31.     That as a direct and proximate result of employee dishonesty, the Plaintiff, **BAILEY INDUSTRIES, INC.**, paid and incurred losses which included loss of money resulting from dishonest acts by an employee with the manifest intent of the employee to obtain financial benefit from submission of dishonest claims for work related injuries and payment of workers compensation benefits for which the Plaintiff was directly responsible and did pay, thereby, incurring financial loss.

32.     The Plaintiff has applied for insurance benefits, under the policy, but Defendant has failed, and refuses to pay certain benefits for the Plaintiff's losses and has breached the policy.

33.     The Plaintiff is entitled to compensation for covered damages. Specifically, Plaintiff seeks the following damages:

        a.     Loss of Money from payment of dishonest workers compensation claims;

        b.     Loss of Money from payment of administrative fees associated with said dishonest claims;

        c.     Any other benefit available under the terms and conditions of the insurance policy herein.

        d.     Damages, including costs, expert fees and attorney's fees, under Fla. Stat.

LAW OFFICES
WOOTEN, KIMBROUGH, GIBSON,
DOHERTY AND NORMAND

236 SOUTH LUCERNE CIRCLE              ORLANDO, FLORIDA 32801

§627.428, and prejudgment interest.

34.    Due to Defendant's refusal to pay the losses sustained by Plaintiff, the Plaintiff has had to retain the services of the undersigned law office, and is obligated to pay a reasonable fee for its services. The Plaintiff is entitled to attorney's fees, pursuant to Florida Statute §627.428.

35.    Further, the Defendant insurer owes prejudgment interest, attorney fees and costs, expert fees and damages.

WHEREFORE, the Plaintiff, BAILEY INDUSTRIES, INC., sues the Defendant, AMERISURE MUTUAL INSURANCE COMPANY, for damages in an amount in excess of the jurisdictional limits of this Court, together with attorney fees, costs and interest and demands a trial by jury.

Dated this __2nd__ day of __February__, __2010__.

> WOOTEN, KIMBROUGH, GIBSON,
>     DOHERTY AND NORMAND, P.A.
> P.O. Box 568188
> Orlando, FL 32856-8188
> (407) 843-7060
> Fax: (407) 843-5836
> Attorney for Plaintiffs
>
> By: _____
>     Patricia A. Doherty
>     FBN 364126